# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# BRUNSWICK DIVISION

UNITED STATES OF AMERICA,

v.

CHARLES WILSON,

Defendant.

CASE NO.: 2:16-CR-12-17

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on the psychological report of Dr. Kari Schlessinger and Dr. Elissa R. Miller regarding Defendant Charles Wilson's abilities to understand the nature and consequence of the proceedings against him and to properly assist in his defense ("the Psychological Report"). (Doc. 548.) Based on the entire record in this case, including the Psychological Report, Defendant Charles Wilson is presently capable of understanding the charges against him and meaningfully consulting with his attorney about his defense. Therefore, I **RECOMMEND** that the Court find that Defendant Wilson is competent to stand trial and proceed with this case.

## BACKGROUND

The United States charges Defendant Wilson with conspiracy to possess with intent to distribute controlled substances. (Doc. 3.) On September 8, 2016, Defendant's counsel, citing concerns with Defendant's mental abilities, moved the Court to provide funds for Defendant to undergo a psychological evaluation. (Doc. 460.) The Court held a hearing on that Motion on September 15, 2016. Following that hearing, the Court ordered that Defendant Wilson be

committed to the custody of the Bureau of Prisons for an examination pursuant to 18 U.S.C. § 4241. (Docs. 487, 506.)

In accordance with that Order, Dr. Kari Schlessinger, a licensed forensic psychologist, evaluated Defendant at the Federal Detention Center in New York, New York. (Doc. 548.) Dr. Schlessinger employed a number of evaluation procedures to assess Defendant's competency and reviewed Defendant's past mental health records. Id. Dr. Kari Schlessinger then prepared an extensive report of her findings as to Defendant which was reviewed by Dr. Elissa R. Miller, the facility's Chief Psychologist. Id. The Psychological Report concluded that Defendant is diagnosed with Other Specified-Trauma-and-Stressor Related Disorder, Adjustment-like disorders with prolonged duration of more than six months without prolonged duration of stressor; and Personal history (past history) of physical abuse in childhood." (Id. at p. 12.) However, Dr. Schlessinger further opined, "Mr. Wilson is not experiencing any symptoms that would interfere with his ability to understand the nature of his charges, courtroom proceedings, or his ability to consult with his attorney. Mr. Wilson is not currently experiencing any delusions, hallucinations, or other serious psychiatric symptoms that would impair his ability to form a trusting, consultative relationship with his attorney." (Id. at p. 14.)

Dr. Schlessinger further stated that Defendant does not have a mental disease or defect and "does possess a rational and factual understanding of the proceedings against him, does have the capacity to assist legal counsel in his defense, and can rationally make decisions regarding legal strategy." (Id. at p. 16.) Therefore, she concluded, "Mr. Wilson is Competent to Stand Trial." Id.

Following the Psychological Report, counsel for the Defendant notified the Court that Defendant does not dispute Dr. Schlessigner's conclusions and that Defendant no longer requests a competency hearing. (Doc. 577.)

**DISCUSSION**

"Unquestionably, due process requires a defendant to be competent to stand trial." United States v. Andrews, 469 F.3d 1113, 1117 (7th Cir. 2006) (quoting United States v. Collins, 949 F.3d 921, 924 (7th Cir. 1991)); see also Cooper v. Oklahoma, 517 U.S. 348, 354 (1996) (the Supreme Court has "repeatedly and consistently recognized that the criminal trial of an incompetent defendant violates due process.") (internal quotation and citation omitted); Eddmonds v. Peters, 93 F.3d 1307, 1314 (7th Cir. 1996) ("The Constitution forbids trial of one who, for whatever reason, is unfit to assist in his own defense because our adversarial system of justice depends on vigorous defenses.").

Incompetency means "suffering from a mental disease or defect rendering [the defendant] mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. § 4241(a). Defendant is not entitled to a presumption of incompetency, and he assumes the burden of proof to establish his incompetency by a preponderance of the evidence. Cooper, 517 U.S. at 355; Battle v. United States, 419 F.3d 1292, 1298 (11th Cir. 2005). The legal test for competency is "whether the defendant 'has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding' and has 'a rational as well as factual understanding of the proceedings against him.'" Godinez v. Moran, 509 U.S. 389, 396 (1993) (quoting Dusky

v. United States, 362 U.S. 402 (1960)); see also United States v. Cruz, 805 F.2d 1464, 1479 (11th Cir. 1986).

"[N]ot every manifestation of mental illness demonstrates incompetence to stand trial; rather, the evidence must indicate a present inability to assist counsel or understand the charges." Medina v. Singletary, 59 F.3d 1095, 1107 (11th Cir. 1995). Thus, "the mere presence of a mental disease or defect is not sufficient to render a defendant incompetent . . . ." United States v. Rothman, No. 08–20895–CR, 2010 WL 3259927, at *7 (S.D. Fla. Aug. 18, 2010) (citing United States v. Liberatore, 856 F. Supp. 358, 360 (N.D. Ohio 1994)). "Incompetency to stand trial is not defined in terms of mental illness. As such, a defendant can be competent to stand trial despite being mentally ill and similarly a defendant can be found incompetent to stand trial without being mentally ill." United States v. Williams, No. 5:06–cr–36–OC–10GRJ, 2007 WL 1655371, at *5 (M.D. Fla. June 7, 2007) (internal citation and quotation marks omitted).

After an extensive evaluation, Dr. Schlessinger and Dr. Miller have determined that Defendant Charles Wilson does not suffer from a mental disease or defect and he meets the legal standard to proceed with this case and stand trial. These psychologists reached this conclusion after conducting numerous tests, observing Defendant Wilson, speaking with Wilson extensively, and reviewing his medical records. There is no credible evidence in the record that contradicts this finding. Further, Defendant Wilson agrees with the examiner's opinion.

The Court should determine that Defendant Wilson is competent without holding a competency hearing. 18 U.S.C. § 4241(a) provides that the Court shall hold a competency hearing "if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is

unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." Some defendants have argued that, if a Court orders a competency evaluation pursuant to 18 U.S.C. § 4241(b), a competency hearing is mandatory. However, a court need not hold a competency hearing if no reasonable question of competency exists after a psychological evaluation. See United States v. Kerr, 752 F.3d 206, 216 (2d Cir. 2014) (after receiving results of court-ordered psychological evaluation, trial court was "well within its discretion" to not conduct hearing on defendant's competency before accepting defendant's plea of guilty); United States v. Gillette, 738 F.3d 63, 77 (3d Cir. 2013) (rejecting defendant's argument that Section 4241 always contemplates that a competency hearing be held where a court has ordered a psychological evaluation). In this case, in light of the entire record, the Psychological Report, and the representations of counsel, no reasonable cause exists to believe that Defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent. Thus, the Court need not hold a competency hearing.

## CONCLUSION

As Defendant Charles Wilson is presently capable of understanding the charges against him and capable of meaningfully consulting with his attorney about his defense, I **RECOMMEND** that the Court find that Defendant Wilson is competent to stand trial and proceed with this case.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within fourteen (14) days of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the Complaint must also be included. Failure to do so will bar any later

challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action. The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

The Clerk of Court is **DIRECTED** to serve a copy of this Report and Recommendation upon the parties.

**SO ORDERED and REPORTED** and **RECOMMENDED**, this 18th day of January, 2017.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA