# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# BRUNSWICK DIVISION

UNITED STATES OF AMERICA,

v.

CHARLES WILSON,

        Defendant.

CASE NO.: 2:16-cr-12-17

## O R D E R

James A. Yancey, Jr., on behalf of Defendant Charles Wilson (hereinafter "Defendant"), filed numerous pretrial Motions in the above-captioned case. On March 9, 2017, counsel for the Government, counsel for Defendant, and Defendant appeared before the Court for a hearing on those Motions. (Doc. 650.) The Court heard argument from Defendant's counsel in which counsel reiterated the arguments raised in his pleadings and to which counsel for the Government responded. The Court took no testimony or documentary evidence. The Court enters the following rulings on Defendant's Motions:

The Court **GRANTS as unopposed** Defendant's Motion for Release of Brady Materials, (doc. 318), and Motion for Disclosure of Catch-All Hearsay Exception, (doc. 319).

The Court **DENIES as moot** Defendant's Motion for Disclosure of Co-Conspirator Hearsay Exceptions, (doc. 320).

The Court **DENIES** Defendant's Motion for Disclosure of Confidential Informants, (doc. 321), and Defendant's Motion to Interview Confidential Informants, (doc. 322), on the ground that the Government is not required to produce those witnesses for interview.[1]

---

[1] To the extent there are no witnesses, the Court **DENIES** those Motions **as moot**.

1

The Court **DENIES as moot** Defendant's Motion for Notice of Intent by the Government to Use Evidence, (doc. 323).

The Court **GRANTS in part** and **DENIES in part** Defendant's Motion for Disclosure of Exculpatory and Impeaching Information, (doc. 324). Of course, as counsel for the Government acknowledged at the hearing, the Government must disclose any items, including documents, within the Government's possession, custody, or control which contain information material to preparing the defense, including evidence which affects a witness's credibility. Fed. R. Crim. P. 16; Brady v. Maryland, 373 U.S. 83, 87 (1963) (Due process requires prosecutors to "avoi[d] . . . an unfair trial" by making available "upon request" evidence "favorable to an accused . . . where the evidence is material either to guilt or to punishment"); Giglio v. United States, 405 U.S. 150, 154 (1972) (exculpatory evidence includes "evidence affecting" witness "credibility," where the witness' "reliability" is likely "determinative of guilt or innocence").

Citing his right to impeachment materials, Defendant requests that the Government disclose the existence and identity of all official internal affairs, internal investigations, public integrity investigations, or personnel files relating to or connected with each witness who was or is a law enforcement officer. However, Defendant has not made any specific showing that any files contain information pertinent to this case. Other than counsel's speculation, the Court has no indication that the personnel files contain any exculpatory or impeaching information as to this Defendant. The United States Court of Appeals for the Eleventh Circuit has held that in the face of such an unsupported and sweeping request, the Government is not obligated to disclose the requested materials. United States v. Quinn, 123 F.3d 1415, 1421–22, (11th Cir. 1997) (holding that the government was not required to disclose the contents of personnel files of testifying officers or submit them for in camera review simply based on the defendant's

unsupported contention that they might contain information of significance to his case) (citing United States v. Driscoll, 970 F.2d 1472, 1482 (6th Cir. 1992) (upholding government's refusal to disclose testifying officers' personnel files based only on defendant's speculation that files contained material useful to impeach officers' credibility)). "If the Government knows of such [impeaching] information, then Giglio of course requires its disclosure. But neither Giglio nor any other authority gives a defendant a right of access to all categories of information where impeaching material might exist." United States v. Garrison, 147 F. Supp. 3d 1173, 1186 (D. Colo. 2015) (denying defendant's request for access to personnel file). Thus, the Court **DENIES** Defendant's request for personnel files relating to or connected with each witness who was or is a law enforcement officer.

As to Defendant's request that the Government disclose information regarding prior juvenile convictions, to the extent that the Government is in possession of any such information, the Court **GRANTS IN PART** Defendant's request. Evidence of juvenile adjudications is generally not admissible. However, such evidence is admissible "if (1) it is offered in a criminal case; (2) the adjudication was of a witness other than the defendant; (3) an adult's conviction of that offense would be admissible to attack the adult's credibility; and (4) admitting the evidence is necessary to fairly determine guilt or innocence." Fed. R. Evid. 609(d). In Davis v. Alaska, 415 U.S. 308, 309 (1974), the United States Supreme Court held that the court's refusal to allow defendant to cross-examine a key prosecution witness regarding that witness's probation status following an adjudication of juvenile delinquency violated defendant's Sixth Amendment right to confront witnesses against him. In United States v. Jones, No. CR406-038, 2008 WL 1744422, at *1 (S.D. Ga. Apr. 14, 2008), Magistrate Judge G.R. Smith explained that "where there is ample evidence—apart from any juvenile adjudications—with which to impeach the

3

witness' credibility in general and bias in particular, the Court may exclude evidence of the witness' juvenile adjudications." (internal quotation omitted).

At this stage, the Court cannot assess the admissibility of any juvenile convictions as it is not even aware of any convictions, much less Defendant's need to use them. Additionally, the Court recognizes the general confidentiality of juvenile court records. See O.C.G.A. § 15-11-701.[2] Nonetheless, given the potential for admissibility, the Government should be required to produce any information or items in the Government's possession[3] which reflect a juvenile conviction of any of person the Government intends to call as a witness. See United States v. Cyr, No. 16-CR-20626, 2017 WL 783472, at *4 (E.D. Mich. Mar. 1, 2017) (requiring Government to produce, for in camera inspection, the juvenile convictions of any of its witnesses). To safeguard the confidential nature of these materials, the Court **ORDERS** the Government to produce any responsive items or information to the Court for an in camera

---

[2] However, Georgia courts have found that the right to cross examination can outweigh this interest in confidentiality. Hibbs v. State, 299 Ga. App. 723, 724–25 (2009) ("The right of a defendant to cross-examine a state witness to show that the witness slanted his testimony in favor of the state in order to obtain more favorable treatment overcomes the state's interest in maintaining the confidentiality of juvenile court proceedings.")

[3] At the hearing, the Government's counsel indicated that it was not currently in possession of any records reflecting any juvenile convictions of any witnesses. However, the Court is cognizant that the Government may become aware of such information in advance of trial including as it prepares for sentencing as to other defendants that may be called to testify at trial. The United States "has a duty to learn of favorable evidence", including criminal histories of its witnesses, that is "known to [ ] others acting on [its] behalf." United States v. Lujan, 530 F. Supp. 2d 1224, 1231 (D.N.M. 2008). Consequently, the Government must search for criminal histories of its witnesses "that are readily available through routine investigation of other government agencies or databases." Id. (citing Hollman v. Wilson, 158 F.3d 177, 181 (3d Cir. 1998); East v. Scott, 55 F.3d 996, 1003 (5th Cir. 1995); United States v. Brooks, 966 F.2d 1500, 1502–04 (D.C. Cir. 1992); United States v. Perdomo, 929 F.2d 967, 970–71 (3d Cir. 1991)); see also United States v. Auten, 632 F.2d 478, 480 (5th Cir. 1980). However, if the Government does not uncover any responsive materials despite conducting a diligent search of all databases and other available sources, it cannot be said to have violated Brady. Lujan, 530 F. Supp. 2d at 1231; see also, United States v. Bolen, 285 F. App'x 655, 659 (11th Cir. 2008) (holding no Brady violation occurred where prosecution did not produce document purportedly evidencing criminal record of co-defendant who testified against defendant, because document was in possession of foreign government, over whom federal prosecutor had no authority).

inspection.  Id.  The Court will then assess whether such records should be produced to Defendant and the method of any production.

The Court **GRANTS as unopposed** Defendant's Motion for Disclosure of Exemplars, Tests, and Other Materials, (doc. 326).  The Government must continue to release to Defendant any documentary results of any tests or examinations, including, *inter alia*, fingerprint tests.  The Government shall give Defendant the opportunity to inspect any physical evidence that will be offered at trial in advance of trial.

The Court **GRANTS as unopposed** Defendant's Motion for Notice of Expert Testimony, (doc. 327).  The parties must produce any information required by Rule 16(a)(1)(g) at least thirty (30) days before trial.

The Court **DENIES** Defendant's Motion for Witness List, (doc. 328).

The Court **DENIES as moot** Defendant's Motion to Produce Grand Jury Proceedings for Inspection, (doc. 329).

The Court **GRANTS in part** Defendant's Motion to Inspect, Test, and Examine Physical Evidence, (doc. 330).  To the extent Defendant requests that he be allowed to inspect physical evidence, the motion is granted.  However, to the extent Defendant requests that he be allowed to test or examine any physical evidence, the motion is denied.  Defendant has not made a sufficient showing as to the means and manner of testing and examining evidence and has not presented any reason for doing so at this time.

The Court **DENIES** Defendant's Motion for Hearing under James v. United States, 590 F.2d 575 (5th Cir. 1979), (doc. 331).  It is within the Court's discretion to hold a James hearing prior to trial. United States v. Cross, 928 F.2d 1030, 1052 (11th Cir. 1991); United States v.

Head, 755 F.2d 1486, 1489–90 (11th Cir. 1985). Defendant has not presented sufficient evidence specific to the facts of this case to warrant such a hearing at this time.

However, the Court recognizes the risk of error if the Government simply waits until the conclusion of its case in chief to lay the foundation required by Federal Rules of Evidence 801(d)(2)(E). If the jury heard a statement implicating Defendant, and then the Court later found that the declarant was not a co-conspirator of Defendant or the statement was not in furtherance of a shared conspiracy, the proverbial "bell" could not be "unrung." Regardless of what curative instruction the Court may give, the damage to Defendant could be irreversible. Thus, prior to eliciting or presenting any statements which the Government contends are admissible under Federal Rule of Evidence 801(d)(2)(E), the Government must address the Court outside the presence of the jury and provide a foundation for the admission of the statement. The Government must take care to ensure that the jury does not hear the statement prior to the Court's ruling that the Government may present the statement.[4]

The Court **GRANTS** Defendant's Motion for Jencks Material. (Doc. 332.) The Government shall provide all pertinent material within twenty-one (21) days in advance of trial. If the Government becomes aware of material within that twenty-one day window, it shall provide the material to Defendant within forty-eight (48) hours of discovery.

The Court **DENIES** Defendant's Motion for Bill of Particulars, (doc. 333).

The Court **DENIES without prejudice** Defendant's Motion for Additional Peremptory Challenges, (doc. 334).

---

[4] Should counsel for the Government or Defendant encounter specific statements that need to be addressed in advance of trial, the Court will entertain a motion *in limine*. Of course, counsel must file that motion sufficiently in advance of trial. However, on the current record, the Court is not aware of any particular circumstances warranting a pretrial hearing.

As to Defendant's Motion to Preserve Evidence, (doc. 335), the Court **GRANTS** the Motion to the extent that the Government must preserve notes in the Government's possession regarding interviews conducted by agents pertinent to the charges against Defendant.

The Court **DENIES without prejudice** Defendant's Motion to Reveal Promises Between Witnesses and the Government, (doc. 336), and Motion to Sever Defendant, (doc. 337).

The Court **GRANTS** Defendant's Motion to Participate in Voir Dire, (doc. 338), to the extent that the Court will follow its standard procedure for voir dire in criminal cases before this Court.

The Court **DENIES as moot** Defendant's Motion for Copies of Written Statements of Persons not Called as Witnesses, (doc. 339).

The Court **DENIES** Defendant's Motion for Leave to File Additional Motions as Needed, (doc. 395).

The Court **GRANTS** Defendant's Motion to Suppress, (doc. 396), to the extent that it seeks to suppress statements made by Defendant to Agent Sapp on April 20, 2016.

For the reasons stated on the record, the Court also **DENIES** Defendant's Motion to Dismiss Indictment, (doc. 398).

The Court **GRANTS** Defendant's Motion to Amend/Correct Motion for Coconspirator Hearsay Exceptions, (doc. 422).

Finally, the Court **DEFERS** ruling on Defendant's Amended Motion to Suppress, (doc. 646). As ordered at the hearing, the parties shall meet and confer within seven (7) days of the hearing to specifically address documents that will be critical to Defendant's Amended Motion to Suppress. Within seven (7) days of that conference, the Government shall file a supplemental

response to Defendant's Amended Motion to Suppress, (doc. 646).  Defendant's counsel shall then have seven (7) days to file a reply to the Government's response.

**SO ORDERED**, this 15th day of March, 2017.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA